UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSEPH M. TIENDA, | ) | 1:09-CV-00207 LJO SMS HC |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION |
| | ) | [Doc. #7] |
| | ) | |
| v. | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| | ) | |
| R. J. HERNANDEZ, | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT |
| | ) | |
| Respondent. | ) | ORDER DECLINING TO ISSUE |
| | ) | CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On March 3, 2009, the Magistrate Judge issued a Findings and Recommendation that recommended the petition be DISMISSED without prejudice for failure to exhaust state remedies. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order. On March 30, 2009, Petitioner filed objections to the Findings and Recommendation.

1	In her Findings and Recommendation, the Magistrate Judge determined that four of the six
2	claims Petitioner presented in his petition were unexhausted. This determination was based on
3	representations Petitioner had made in his petition that he had presented only two of his claims to the
4	California Supreme Court. Now, he states all claims have been exhausted, and he submits a copy of
5	his petition for review to the California Supreme Court. The Court has reviewed the petition for
6	review and finds several of the claims presented in the federal petition to be unexhausted, as the
7	Magistrate Judge had found.

8	In Ground One, Petitioner complains that he was denied the effective assistance of trial
9	counsel for counsel's failure to request bifurcation of the gang allegations and for his failure to move
10	to limit certain gang testimony. The first half of this claim is unexhausted because Petitioner failed to
11	present the federal basis of the claim to the California Supreme Court. As fully set forth by the
12	Magistrate Judge, "fair presentation" of a federal claim requires that a petitioner specifically indicate
13	to the state court that his claim is based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-
14	88 (9th Cir.2000).

15	In Ground Two, in a two-part claim Petitioner argues the trial judge failed to exclude
16	evidence which was highly prejudicial, and he argues the trial court abused its discretion in failing to
17	bifurcate the trial on the allegation that the charged offenses were committed for the benefit of a
18	criminal street gang. Only the second part of this claim was presented to the California Supreme
19	Court. The first part was not presented in any manner whatsoever and thus remains unexhausted.

20	In Ground Three, he argues that the trial court failed to bifurcate the trial on the allegation
21	that the charged offenses were committed for the benefit of a criminal street gang. This claim was
22	presented only in the context of an ineffective assistance of counsel claim; it was not presented as a
23	claim involving error on the part of the trial court. Therefore it is unexhausted.

24	In Ground Four, Petitioner claims the trial court failed to properly instruct the jury on gang
25	enhancement charges. This claim was properly exhausted.

26	In Ground Five, he argues trial counsel failed to object, but he fails to specify in what respect.
27	This claim also was not properly exhausted.

28	In Ground Six, another two-part claim, Petitioner contends the trial court failed to limit

certain testimony, and the trial court failed to instruct on unfounded evidence of the gang enhancement. The first part of this claim was not presented to the California Supreme Court and is unexhausted.

In sum, the balance of the federal petition is unexhausted; therefore, the petition must be dismissed pursuant to 28 U.S.C. § 2254(b)(1).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file and having considered the objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed

further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued March 3, 2009, is ADOPTED IN FULL;

2. The Petition for Writ of Habeas Corpus is DISMISSED without prejudice;

3. The Clerk of Court is DIRECTED to enter judgment; and

4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:    April 7, 2009**                              /s/ Lawrence J. O'Neill
                                                 UNITED STATES DISTRICT JUDGE